

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00075-CR

———————————————

JEFFERY LEE MANNS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1213452D

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Pro se Appellant Jeffery Lee Manns attempts to appeal from the trial court's January 22, 2021 order denying his request for forensic DNA testing. Because no postjudgment motion was filed to extend the notice-of-appeal filing deadline, Manns's notice of appeal was due February 22, 2021, but was not filed until June 9, 2021,[1] making it untimely. *See* Tex. R. App. P. 4.1(a), 26.2(a).

On June 10, 2021, we sent Manns a letter stating that we were concerned that we may not have jurisdiction over his appeal because his notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a)(1). We instructed Manns or any party desiring to continue the appeal to file with the court a response showing grounds for continuing the appeal. Manns filed a response, but it does not show grounds for continuing the appeal.

Manns claims in his response and in his "Motion To Gain Additional Time" that he has not received from the 396th District Court an order denying his motion for forensic DNA testing. A defendant can get additional time to file a notice of appeal on a motion for DNA testing under Texas Rule of Appellate Procedure 4.6 "[i]f neither an adversely affected defendant nor the defendant's attorney received notice *or acquired actual knowledge* that the trial judge signed an order appealable under Code of Criminal Procedure Chapter 64 within twenty days after the signing." Tex. R.

---

[1]On June 9, we received a "Motion To Gain Additional Time," in which Manns stated his desire to appeal the order denying his motion for DNA testing; we construed the motion as his notice of appeal.

App. P. 4.6(a) (emphasis added). Here, Manns admitted in his "Motion To Gain Additional Time," which he claimed was timely filed under Rule 4.6, that he was notified on January 29, 2021, that his motion for DNA testing had been denied by "Magistrate Judge Reynolds." Although Manns intimated that only the judge of the 396th District Court can rule on the motion for DNA testing, the magistrate could properly rule on the motion. *See* Tex. Gov't Code Ann. § 54.658(a)(19) ("Except as limited by an order of referral, a magistrate to whom a case is referred may . . . do any act and take any measure necessary for the efficient performance of the duties required by the order of referral."); *Qadir v. State*, No. 02-19-00377-CR, 2020 WL 1174000, at *2–3 (Tex. App.—Fort Worth Mar. 12, 2020, pet. ref'd). Manns thus had actual notice within twenty days of the date that the order denying his motion for DNA testing was signed.

A late notice of appeal may be considered timely so as to invoke the appellate court's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the appellate court within fifteen days of the last day allowed for filing the notice of appeal, and (3) the appellate court grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Manns's "Motion To Gain Additional Time" was filed over five months after the order denying his motion for DNA testing was signed. Manns has thus not met these requirements. *See id.*

Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 522. Because Manns's notice of appeal was not timely filed, we dismiss Manns's appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 8, 2021